UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
CIVIL DIVISION

BYRON W. TURNER,

    Plaintiff,

    v.                                                    Case No.:  2:12-cv-2114

GRAPHIC PACKAGING INTERNATIONAL, INC.,

    Defendant.

## LOCAL RULE 26.1 REPORT

The parties hereby jointly submit the following Fed.R.Civ.P. 26(f) report.

**(1)**    **Any changes in timing, form, or requirements of mandatory disclosures under Fed.R.Civ.P. 26(a).**

There is no need for changes in form or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a).

**(2)**    **Date when mandatory disclosures were or will be made.**

The parties will exchange by September 14, 2012, the information required by Fed. R. Civ. P. 26(a)(1).

**(3)**    **Subjects on which discovery may be needed.**

Discovery will be needed on the following subjects: (1) the factual and legal issues and claims made by Plaintiff in this action; (2) any and all damages claimed by Plaintiff; and (3) factual and legal issues related to Defendant's defenses.

**(4)**    **Whether any party will likely be requested to disclose or produce information from electronic or computer-based media.  If so:**

      (a)    whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;
      (b)    the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;
      (c)    the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;
      (d)    whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;
      (e)    other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.

It is unlikely any party will be asked to disclose or produce information from electronic or computer based media. If such disclosure or production is necessary the parties agree to comply with the requirements of the Federal Rules of Civil Procedure.

**(5)    Date by which discovery should be completed.**

All discovery will be commenced in time to be completed by February 8, 2013.

**(6)    Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.**

The parties do not request any changes at this time.

**(7)    Any orders, e.g. protective orders, which should be entered.**

There may be a need for protective orders regarding proprietary or other privileged information that may be requested during the discovery process. The parties agree to consult regarding any such order prior to seeking the assistance of the Court.

**(8)    Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**

There are no objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.

2

**(9)     Any objections to the proposed trial date.**

      The parties have no objections.

**(10)   Proposed deadline for joining other parties and amending the pleadings.**

      January 8, 2013

**(11)   Proposed deadline for completing discovery.  (Note:  In the typical case, the deadline for completing discovery should be no later than sixty (60) days before trial.)**

      February 8, 2013

**(12)   Proposed deadline for filing motions other than motions for class certification. (Note:  In the typical case, the deadline for filing motions should be no later than sixty (60) days before trial.)**

      Deadline for filing all motions other than motions in *limine* – March 8, 2013

      Deadline for filing motions in *limine* – June 17, 2013

**(13)   Class certification:  In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification.  (Note:  In the typical case, the deadline for filing motions for class certification should be no later than ninety (90) days after the Fed.R.Civ.P. 26.(f) conference.)**

      N/A

Respectfully submitted this 24th day of September 2012.

      Respectfully submitted,

By:     *s/Byron W. Turner (with express permission)*
      Byron W. Turner
      736 Hidden Valley Est.
      Alma, Arkansas 72921
      Tel:  (479) 632-3854
      Fax: (479) 922-2176
      Attorney for Plaintiff

By:     *s/Terri R. Stewart*
      Christine E. Howard

    Florida Bar No. 872229
*Petition for Enrollment by*
*Out-of-State Petitioner Granted*
choward@laborlawyers.com
**FISHER & PHILLIPS LLP**
2300 SunTrust Financial Center
401 E. Jackson Street
Tampa, FL  33602
Telephone: (813) 769-7500
Facsimile: (813) 769-7501

Terri R. Stewart, Esq.
Georgia Bar No.244624
*Petition for Enrollment by*
*Out-of-State Petitioner Granted*
tstewart@laborlawyers.com
**FISHER & PHILLIPS LLP**
1075 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30309
Telephone: (404) 231-1400
Facsimile: (404) 240-4249
Attorneys for Defendant

4

**CERTIFICATE OF SERVICE**

This is to certify that on September 24, 2012, a copy of **Local Rule 26.1 Report** was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to Plaintiff and a copy of same was also sent to Plaintiff via U.S. Mail, at the following address of record:

>Byron W. Turner
>736 Hidden Valley Est.
>Alma, Arkansas 72921

>*s/Terri R. Stewart*
>Terri R. Stewart