IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BYRON W. TURNER                                                                                       PLAINTIFF

v.                                         Case No. 2:12-CV-02114

GRAPHIC PACKAGING INTERNATIONAL, INC.                                        DEFENDANT

**O R D E R**

Currently before the Court are Plaintiff Byron W. Turner's motion to compel (Doc. 23) and brief in support (Doc. 24) and Defendant Graphic Packaging International, Inc.'s ("Graphic Packaging") response (Doc. 25).

In a letter dated July 3, 2013, Mr. Turner requested that Graphic Packaging provide supplemental responses to certain interrogatories and requests for production. (Doc. 23-2). In a letter dated July 22, 2013, Graphic Packaging responded to Mr. Turner's requests. (Doc. 23-3). After supplementing certain responses and elaborating on its objections to certain requests, Graphic Packaging's letter concluded with the statement, "[p]lease consider this letter our good faith response to your discovery concerns. If you have any additional information to provide in response to this letter or want to discuss it further, please do not hesitate to give me a call." *Id*. It does not appear that any further good-faith communications transpired between counsel for Mr. Turner and counsel for Graphic Packaging. The next day, July 23, 2013, Mr. Turner filed the instant motion to compel, stating that Graphic Packaging had refused to provide adequate responses to requests for production 6 and 10. The motion states that "Plaintiff's counsel has in good faith attempt (sic) to resolve this discovery dispute without the need for the involvement of the Court, to no avail." (Doc. 23, p. 3).

-1-

In his motion, Mr. Turner states only that he believes the information he seeks in requests for production 6 and 10 is relevant and that he would be willing to keep any documents produced in response to those requests confidential pursuant to a protective order. Mr. Turner's arguments do not adequately address the objections made by Graphic Packaging in response to requests 6 and 10, which included objections that the requests were overly broad and unduly burdensome. Graphic Packaging's response to request 10 also included an objection that the request was vague, ambiguous, and called for an ultimate legal conclusion. Mr. Turner's statements that "Plaintiff believes that other, non-disabled employees may have been treated different (sic) than he was as it relates to certain policies at the Defendant's Fort Smith plant" and that "Plaintiff hopes to discover information in these employees (sic) personnel files that would support his claims," in the face of good-faith objections asserted by Graphic Packaging, do not provide a sufficient basis to support an order compelling production.

Furthermore, although Mr. Turner's motion represents that he tried to resolve the dispute in good faith, it does not appear that any good-faith communication was made to Graphic Packaging after Graphic Packaging provided the requested supplementary responses. Once Graphic Packaging responded in good faith to Mr. Turner's requests, Mr. Turner should have again attempted to resolve any remaining disputes with Graphic Packaging before filing the instant motion.

For the reasons set forth above, Mr. Turner's motion to compel (Doc. 23) is DENIED. Graphic Packaging's request for fees is likewise denied, as the Court finds that the circumstances set forth in previous orders of the Court would make an award of expenses unjust.

IT IS SO ORDERED this 6th day of August, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE